## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO CHAVIRA VALLEJO,

        Petitioner,

vs.                                    No. CV 18-00167 JCH/JHR

FNU LNU,

        Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner, Francisco Chavira Vallejo (Doc. 1) ("Petition").  The Court will dismiss the Petition and grant Petitioner leave to file an amended petition.

In two related criminal proceedings in this Court, Petitioner Vallejo was charged with and convicted of violation of supervised release and illegal reentry of a removed alien.  *See* No. CR 18-00103 PR and No. CR 18-00179 PR.  In case No. CR 18-103 PR, he was sentenced to 24 months imprisonment followed by 3 years of unsupervised release.  (CR 18-00103, Doc. 35).  In case No CR 18-00179 PR, he was sentenced to 14 months of incarceration, to run consecutive to his sentence in CR 18-00103.  (CR 18-00179, Doc. 20).

Although he cites to his criminal cases, Petitioner Vallejo does not contest his convictions in either of his cases.  Instead, he filed his Petition under § 1441 claiming he raises an "immigration detention issue."  (Doc. 1 at 2).  In his Petition, he raises four grounds for relief:

(1) "An old bench warrant 2009 supposed to be taken care of care of . . . back then did 18 months prison time never knew it was resently active practically main reason I am incarcerated."  (Doc. 1 at 6, Ground One);

(2) "Paper work process from ICE police . . . says I was attempting to cross the border and was found . . .violating immigrants rights discriminating immigrant from any other country as well" (Doc. 1 at 6, Ground Two);

(3) "The unlawful job of ICE police harassing immigrants legal and illegal also not just prosecuting but hunting them" (Doc. 1 at 6, Ground Three);

(4) "Poor professional counseling . . . ignoring the rights of an immigrant" (Doc. 1 at 7, Ground Four).

In his prayer for relief, Vallejo asks the Court to "honestly consider immigrants rights legal and illegal, according to the way they got in trouble, faults and failures, according to the law."  (Doc. 1 at 7).

Petitioner Vallejo asserts claims under 28 U.S.C. § 2241.  A proceeding under § 2241 is an attack by a person in custody upon the legality of that custody and the traditional function is to secure release from illegal custody.  *Preiser, Correction Commissioner v. Rodriguez,* 411 U.S. 475, 484 (1973).  Section 2241(c)(3) provides, in pertinent part, that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.  This Court may grant a writ of habeas corpus under § 2241 only if the petitioner is alleged to be in custody in violation of the Constitution or laws or treaties of the United States.  42 U.S.C. § 2241(c).

Nowhere in his Petition does Vallejo allege that he is in custody in violation of the Constitution, laws, or treaties of the United States.  42 U.S.C. § 2241(c). Although he makes

2

generalized assertions of illegal acts of ICE police and discrimination against immigrants, he does not allege specific acts and does not explain how those acts violate the federal Constitution or laws. Importantly, he does not specify how any acts violated his individual constitutional rights, rendering his custody illegal. *Preiser,* 411 U.S. at 484.  The Petition does not state a cognizable claim for relief under § 2241.

Further, a prisoner may not file a § 2241 petition unless he has exhausted available administrative remedies.  *Eldridge v. Berkebile*, 526 F. App'x 897, 898 (10th Cir. 2013); *United States v. Eccleston*, 521 F.3d 1249, 1253-55 (10th Cir. 2008).  Before filing a habeas corpus petition, the prisoner must first attempt to obtain relief through the administrative process.  *Payne v. Maye*, 525 F. App'x 854, 855 (10th Cir. 2013).  Vallejo does not state that he has exhausted or attempted to exhaust any administrative remedy prior to filing his § 2241 proceeding. *See* Doc. 1 at 2-5.

Last, in order to pursue § 2241 relief, the petition mandatorily must name, as a respondent, "the person who has custody over him."  28 U.S.C. § 2242.  The petition also must be "signed and verified by the person for whose relief it is intended."  28 U.S.C. § 2242.  Vallejo's Petition does not identify the person having custody over him.  *See* Doc. 1 at 1 (leaving a blank for the name of the Respondent).  Nor is the Petition either signed or verified.  *See* Doc. 1 at 8 (stating "God Bless" but containing no signature or declaration under penalty of perjury).  Vallejo's Petition fails to meet the requirements for a § 2241 application.  28 U.S.C. § 2242.

The allegations of the Petition do not afford Vallejo any basis for § 2241 relief.  Nor does it appear that Vallejo has exhausted available administrative remedies, if any.  Last, his Petition does not comply with the requirements of 28 U.S.C. § 2242.  Therefore, the Court will dismiss Vallejo's Petition.  However, the Court will afford Vallejo an opportunity to amend his petition to

cure the deficiencies in his pleading. *Hall v. Bellmon,* 935 F.2d 1106, 1109-1110 (10th Cir. 1991). Petitioner Vallejo must file an amended petition within 30 days or this case may be dismissed with prejudice and without further notice.

In considering whether to file an amended petition, the Court would notify Vallejo that, if he seeks to challenge the legality of his convictions or sentences in CR 18-18-00103 or CR 18-00179, then he may only do so by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, rather than a § 2241 petition. *See* 28 U.S.C. § 2255(a).  Similarly, if Vallejo seeks to challenge conditions of confinement, such as claimed poor professional counseling, but does not seek release from custody, those claims are properly brought through a civil rights complaint instead of a § 2241 petition for habeas corpus relief. *See*, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811-12 (10th Cir.1997).

**IT IS ORDERED:**

(1) The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Francisco Chavira Vallejo is **DISMISSED**; AND

(2) Petitioner Vallejo is granted leave to file an amended petition within 30 days after entry of this Memorandum Opinion and Order.

SENIOR UNITED STATES DISTRICT JUDGE