IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO CHAVIRA VALLEJO,

        Petitioner,

vs.                                                                   No. CV 18-00167 JCH/JHR

FNU LNU,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court *sua* sponte under Fed. R. Civ. P. 41(b) on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner, Francisco Chavira Vallejo (Doc. 1) ("Petition"). The Court will dismiss the Petition and enter final judgment.

In two related criminal proceedings in this Court, Petitioner Vallejo was charged with and convicted of violation of supervised release and illegal reentry of a removed alien. *See* No. CR 18-00103 PR and No. CR 18-00179 PR. In case No. CR 18-103 PR, he was sentenced to 24 months imprisonment followed by 3 years of unsupervised release. (CR 18-00103, Doc. 35). In case No CR 18-00179 PR, he was sentenced to 14 months of incarceration, to run consecutive to his sentence in CR 18-00103. (CR 18-00179, Doc. 20).

Although he cites to his criminal cases, Petitioner Vallejo does not contest his convictions in either of his cases. Instead, he filed his Petition under § 2241 claiming he raises an "immigration detention issue." (Doc. 1 at 2). In his Petition, he asserts four grounds for relief:

(1) "An old bench warrant 2009 supposed to be taken care of care of . . . back then did 18 months prison time never knew it was resently active practically main reason I am incarcerated." (Doc. 1 at 6, Ground One);

1

    (2) "Paper work process from ICE police . . . says I was attempting to cross the border and was found . . .violating immigrants rights discriminating immigrant from any other country as well" (Doc. 1 at 6, Ground Two);
    (3) "The unlawful job of ICE police harassing immigrants legal and illegal also not just prosecuting but hunting them" (Doc. 1 at 6, Ground Three);
    (4) "Poor professional counseling . . . ignoring the rights of an immigrant" (Doc. 1 at 7, Ground Four).

In his prayer for relief, Vallejo asks the Court to "honestly consider immigrants rights legal and illegal, according to the way they got in trouble, faults and failures, according to the law." (Doc. 1 at 7).

On August 20, 2020, the Court dismissed Vallejo's Petition on the grounds that (1) he failed to allege that he is in custody in violation of the United States Constitution, (2) it appears he has failed to exhaust any available administrative remedies, and (3) his Petition does not identify his custodian, and is not signed or verified under penalty of perjury. (Doc. 3 at 1-3). The Court granted Vallejo the opportunity to remedy the defects in his pleading by filing an amended petition within 30 days after entry of the Memorandum Opinion and Order. (Doc. 3 at 4). The copy of the Court's August 20, 2020 Memorandum Opinion and Order sent to Vallejo was returned as undeliverable, stating that he had been released from custody. (Doc. 4). More than 30 days has elapsed since entry of the Court's Memorandum Opinion and Order, and Vallejo has not filed an amended petition, provided a current address, or otherwise communicated with the Court.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner Vallejo has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's April 19, 2019 Order to Show Cause.

Petitioner Vallejo has failed to comply with the Court's Memorandum Opinion and Order and has failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner, Francisco Chavira Vallejo (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) and the Court will enter final judgment.

_____
SENIOR UNITED STATES DISTRICT JUDGE